Battle, J.
 

 The bills, in these two suits, are filed for the same purpose, which is to obtain a construction of the will of Thomas L. Cowan, deceased, and then to have a settlement of his estate.
 

 The will is very inartificially drawn, and if the writer had any very definite idea as to the manner in whieh his large estate, consisting of almost every kind of property, which is to be usually found in the southern portion of our union, was to be limited and settled, it is difficult to discover it. He certainly failed in one important object, which he seems to have had in view, which was to prevent any disagreement or dispute among the members of his family about the division of his property, and especially to interdict any litigation about it. He had not been many months in his grave before such difficulties arose upon the construction of his will as to compel his widow to dissent from it; and to bring about among his children a litigation, which the pleadings show to be very far from amicable. lie may possibly be quite as unfortunate in having his wishes carried ont in the limitations of his estate to his daughters and their families, by the inability of those who aro called upon to expound his will, to ascertain his real intention. We can only promise, that after a most' careful
 
 *338
 
 examination of the will in all
 
 its
 
 parts, and comparing one clause with another, we will put such a construction upon it, as a fair interpretation of its language will bear, when considered in connection with the rules established for our guidance by former adjudications. In performing this duty, it will not be necessary for us to notice every expression, or even, clause in the will; for, amidst the immense verbiage in which he has thought proper to express his ideas, it is not very difficult to discover, that with one or two-exceptions, he intends the same disposition for the whole of his property of every kind. There are some immediate gifts, in trust, for the sole and separate use of his daughters, but all the residue of what he several times calls “his estate,” was to be kept together during the life of his wife, and then, at her death, to be divided between Ms daughters, and vested in a trustee for them and their families, according to the limitations expressed in the 20tli and 21st clauses of his will.
 

 In the 4th item, which we will consider first, he gives to a trustee certain slaves therein mentioned, for the sole and separate use of his dangliter, Mrs. Mary Hall, “ and to her children forever.” Mrs. Hall has never had any children, and this limitation gives her an absolute estate in the use of the slaves, according to the rule laid down in
 
 WikTa
 
 ease 6 Nep. IT, and recognised by this Conrt in
 
 Moore
 
 v.
 
 Leach,
 
 5 Jones’ Rep. 88. In the 5th clause, certain slaves are given in trust for the sol© and separate use of the testator’s other daughter, Mrs. Charlotte Jenkins, without saying, “ and to her children.” She, therefore, took an absolute estate in the use of the slaves, there being no words to restrain it, though she had children at the time when the will was made and at the death of the testator. The slaves mentioned in, the two clauses of the will just referred to, are, in our opinion, separated, from the residue of “the estate,” because the gifts of them are immediate, whereas, the disposition of the residue was expressly .reserved to be made at the death of the testator’s widow. They were not intended, therefore, to be embraced in that residue, and hence, the general expressions contained in the 21st and
 
 *339
 
 23rd clauses of the will do not apply to them. The legacy of five hundred dollars, given to Mrs. Hall in the 22d clause, is for similar reasons, to be excluded from the operation of the same clauses, and as such, is an absolute gift.
 

 The 19th clause of the will is in the following words: “ At the death of my wife, I wish the entire, or rather the whole of my estate, to be divided between my two children, Charlotte and Mary, both real and personal, as equitably as it can be done, and as nearly as it can be done, and in strict compliance with my directions, as is contained in this my will. And should either of them be dead before that time, it is to go to their children.” If this clause stood alone, it would make a disposition of the -whole of the testator’s property, (except what he had given for the use of his daughters by the 4th and 5th clauses, and to his daughter Mary, by the 22nd clause) which would be clear and explicit, and about which there could be no doubt. The daughters would have taken the whole absolutely upon the death of their mother, to be equally divided between them. If either had died in the life-time of the widow, leaving children, such children would have stood in their mother’s place, but as that event did not happen with regard to either, there would have been nothing tb prevent a division between the daughters, in which each would have taken her share absolutely. But the 20th and 21st clauses impose restrictions and limitations upon the shares which each daughter is to take in the division, which raises the most important question in the cause, but one which we do not consider difficult to decide, because the principle, upon which it depends, has been recently fully considered and settled by this Court. The limitations in these two clauses extend, as we think, to all the property, of every kind, that the testator owned, which was reserved to be divided at the death of his wife. The 23d clause is not more extensive in its words and meaning than the 20th and 21st, and seems to have been inserted out of abundant caution to prevent the possibility of anything being left undisposed of by the will. These limitations too being annexed to the trusts which the
 
 *340
 
 testator declares in relation to bis whole estate, with the exception hereinbefore referred to, must supercede any which he may have vaguely expressed as to particular kinds of his property, as, for instance, his furniture and books,which ho directs to be equally divided after the death of his wife between his two daughters, Charlotte and Mary, “ and their children then living, or any they may have afterwards.” The clause which immediately follows the 19th, to wit, the 20th, declares as follows: “ It is my will, that if either of my children, Charlotte or Mary, should die without children, that then the whole of the estate of the deceased one, both real and personal, shall go to the surviving one during her life and then to her children.” IR the 21st clause, the title of the whole of the property is vested in a trustee for his daughters, the testator declaring that he allowed his children and their husbands, together with his grand-children, “to have, to possess, to use and enjoy all the profits, benefits, services and emoluments growing out of any of it, as if it were their own, and free from any incumbrance whatever.” The question arising upon the construction of these two clauses is, whether the estate, in the shares, which the daughters are to take upon the division, vested in them absolutely either at the death of the testator, or at the death of his wife, as neither of them was then dead without children, or is the contingency still subsisting, making the estate conditional, upon the event of a death without children at a future time. If the 20th clause stood alone, we should have no hesitation in saying upon the authority of the case of
 
 Hilliard
 
 v. Kearney, Busb. Eq. 221, where the subject is fully discussed, that the estate became absolute at the death of Mrs. Cowan, the period when the division was directed to be made. But in that case, it is admitted, that there is an exception to the rule, where the use, only, of the property is given, and not the property itself; see 2 Jarman on Wills, 668, 688. In the present case, I here can be no donbt that the testator intended his daughters should have only the use and profits of the property given them, because such intention is clearly and strongly expressed by the 21st clause; and besides,
 
 *341
 
 it appears from every part of his will that he wished, to tie up his property and make it inalienable as long as he could. The effect of the 21st clause, then, is that each of the daughters takes an equitable estate in fee in the real estate, and an absolute equitable estate in all the other property, subject to an executory devise in the event of her dying without leaving any child or children, over to her sister for life, with remainder to her children.
 

 The parties may have a decree for taking all necessary accounts, preparatory toafinal settlement of the estate of the testator upon the principles herein declared. It may also be referred to a commissioner to ascertain and report a suitable trustee for each of the testator’s daughters; and the cause will be retained for further directions upon the coming in of the reports.
 

 Per Cukiam, Decree accordingly.